IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COLLIE GEORGE DOWNER, | | No. CIV S-09-1491-CMK-P |
|     Petitioner, | | |
| vs. | | ORDER |
| M. CRAMER, | | |
|     Respondent. | | |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        The current petition challenges a conviction and/or sentence issued by the San Francisco County Superior Court. Petitioner filed a prior petition in the United States District Court for the Northern District of California, which challenged the same conviction and sentence. That case, however, was transferred to this court because the victim was related to a long-time employee of the United States District Court for the Northern District of California. Ultimately, the prior case was dismissed without prejudice as premature. Pursuant to Eastern District of California Local Rule 81-190(d), the instant action was re-assigned to the undersigned on June

///

1

1  24, 2009, as the Magistrate Judge who was assigned to the prior action.[1]

2  Under 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). This matter cannot be transferred to the Northern District for the reason outlined above. However, jurisdiction does not lie in the Eastern District. At the time the prior petition was transferred to this court, jurisdiction was proper because petitioner was confined in a state prison within this district. However, petitioner is no longer confined within the geographic boundaries of this district. He is currently confined in the Tallahatchie County Correctional Facility, which is located within the geographic boundaries of the United States District Court for the Northern District of Mississippi.[2] Therefore, this action should be transferred to that court.[3]

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of Mississippi.

DATED: June 25, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] The June 24, 2009, order also granted petitioner's motion requesting that the case not be transferred to the Northern District.

[2] The court's June 24, 2009, order in this case erroneously states that petitioner is confined in Missouri.

[3] Because the court's June 24, 2009, order concluded that the action should not be transferred to the Northern District and noted that petitioner is not confined within the geographic boundaries of this court, this order is not inconsistent with the earlier order.